Glen Zwang for the Appellant Ocean Towers Housing Corporation. In thinking about this case and boiling it down to its essence, the essence of the case is that the insurance company here, Evanston Insurance Company, says that it doesn't matter in terms of evaluating a prior litigation exclusion, that is, is case number two based on arising from or in consequence of the same wrongful act as case number one. They say it doesn't matter what the claims are, that is, claims are demands for money based upon wrongful acts. In every case, every single case that has ever been decided that both parties have cited based upon these prior litigation exclusions start with their analysis with the wrongful acts. They say, we're going to take a look at all of the wrongful acts that are potential claims in case number two and compare that to the wrongful acts that are alleged in case number one. One of the problems I had with your, still have with your argument, I think, is that the language for this particular exclusion, although it bears the same title as other exclusions you refer to or the cases you cite refer to, is that this one is quite a bit different. It refers to any substantially similar fact, circumstance, or situation. Yes. Am I seeing that right? What cases do you have that are applying that language? I don't know that you have identical language in any cases, but you have similar language in all of the cases. For example, in the financial management case, which is this court's case, which we think is controlling authority in the case, they use the term, instead of substantially similar, they say related. They're saying the same thing in a different way. They're saying the whole idea, what the insured has a reasonable expectation of, or doesn't have a reasonable expectation of, is that he can get insurance for a house already on fire. That's the analogy that they use. You think that your position is that the language, quote, substantially similar fact, circumstances, or situation is superfluous? No, not at all, Your Honor. Or is the equivalent of related? It's equivalent, and in some cases they say similar, in some cases they say related. In other cases, again, I would have to go back and look at every case, but they all have very broad language. The arising out of, based upon, and consequence of, you see that language in virtually every single one of these cases. I'm sort of struggling with the same issue as Judge Antune, because in the cases that you cited, it has similar, they all have similar language of, look, any claim that's based upon, arising from, in consequence of any fact or circumstance related to these other prior lawsuits, that's excluded. So I get that, and that accords with the plain reading of the exclusionary language as well, but here in this particular case, the specific matter exclusion has all of that language, based upon, arising from, in consequence of any fact or circumstance that's alleged in these specific matters, and then it goes on to say, or any substantially similar fact, circumstance, or situation. So it contemplates a broader exclusion. It can be related to these other matters, or it can, what it suggests to me in the plain reading of that language, is that it can also be similar to the factual circumstance, and here, is there a dispute that the matters that you're seeking coverage on are similar in circumstance to the matters that are intended to be excluded? We do not believe they're similar. We do not believe they're substantially the same. In that exclusion, it's before you get to the based upon, arising out of, in consequence of language, what you have is it's tied to a specific claim. It says that the exclusion applies to a loss on account of any claim based upon, arising out of, or in consequence of. It is tied to the claim. So you start with the claim, and the claim, as we all know, is based upon, in this case, it's an officer's and director's policy, so it's based upon what are the wrongful acts that these officers and directors are alleged to have done. So that's where you start, and then it has to be based upon, arising from, or in consequence of, whatever the wrongful act was that's alleged in case one. That is, is the case two wrongful act based upon, arising from, or in consequence of, the case one wrongful act or substantially the same wrongful act? That is, the best example that I can think of is the financial management case, which does say related instead of substantially the same or substantially similar. But there was a case where the financial advisor is giving the same advice to two different people, and the insurer said, it's the same advice about the same security that was wrong, therefore the wrongful act is the same. And the court said no, because you're giving it to two different people at two different times and under two different circumstances. Yes, the actual advice is the same, but the wrongful act is different, the loss is different. Investor number one has a different loss than investor number two. And so even though the exact same advice is being given, the court is saying that doesn't get you there, because it's not the same house on fire. That's the basic proposition here. It has to be tied to the same wrongful act. The wrongful act in case number one, which is the NCB case. Remember, let me back up a second. Ocean Towers is a cooperative housing corporation. One of its essential functions, one of the things it does on a daily basis, is it has to participate in the lending process for people to buy a unit or buy a leasehold or refinance a leasehold. It requires Ocean Towers to participate. And they do that in the regular course of business. So in case number one, which is the NCB case, it involves a loan to a shareholder or three loans to three shareholders. And the allegation is that when there's a dispute between the lender and the shareholder in each of those cases, where the lender has foreclosed and has said, I now own the unit, and the shareholder says, no, you don't. That was a wrongful foreclosure. So that you have a dispute between the lender and the shareholder, Ocean Towers is alleged to have come in on the side of the shareholder and said, we think the shareholder's position is appropriate. We are not going to give the keys. We are not going to give the right of ownership and possession. We're not going to recognize the lender as the owner. And that is what gives rise to the claim in the NCB case. In all of these U.S. bank cases, the essential facts are completely different. Well, you don't accept the trial court's description as this all being an overarching scheme regardless of the causes of action. Aren't they factually the same? Let's make the, no. Substantially the same? No. Different people. Completely different people. But let's make the assumption. Is that the argument you have that leads you to conclude that this case is so similar to financial management? No. What I would say, Your Honor, is I would make the assumption. Let us make the assumption here that even though it doesn't, that it involves the exact same people, that it involves an allegation. Both of them involve, both cases involve the allegations of a fraudulent scheme. You don't see that in the NCB case, by the way. The NCB case also is not alleging causes of action against the specific officers and directors that are alleged to have done the wrongdoing in the U.S. bank cases. But let us make the assumption that it's the same, that it's a fraudulent scheme being alleged against the same people in both cases, which is a very, which isn't supported, but it's even broader than what's supported by the NCB. Make the assumption also that the fraudulent scheme allegations is wrong. That is, Ocean Towers can disprove it, can disprove that there's a fraudulent scheme. There's a potential liability here. The potential liability is still the same. They are alleged to have engaged in a fraudulent transfer, that is, selling a unit after they took it back, after Ocean Towers took the unit back because their fees weren't being paid, their rent wasn't being paid, and sold it. And they're accused of selling it for less than fair value so that the lender was deprived of the opportunity to get its money back through the unit. That's completely different than taking sides in a fight over possession where a lender foreclosed. So even if you assume, for the sake of argument, that there is this fraudulent scheme allegation, Ocean Towers is still potentially liable on a covered claim that is completely different than the covered claim in case number one. And that is essentially, falls four square into the potential coverage rule, which is that if there is any possibility of coverage, the insured is covered. The insured gets a defense. This is defense coverage. We're not talking about indemnity coverage. So this is, by the way, not the first case where the insurance company has said, we see an overarching theme or threads of a fraudulent scheme. That's the Marcus and Millichap case where the allegation is that there's this overall fraudulent scheme that you see in case one. And in case two, you see the same thing. And the court said, we're not interested in themes. We're not interested in allegations that are not essential to the wrongful act. What is the wrongful act in case one? What is the wrongful act in case two? The allegations have to be similar or is it the conduct that support the allegations? Well, I'm not sure I understand the difference. The allegations are the conduct. The allegations here in case number two is a wrongful act. The allegations, by that I mean the causes of action. I don't understand how that would control anything. It's the conduct, isn't it? Yes. The conduct, but the specific conduct that the cases are looking at, and they use different names if you look at the different cases. Some courts say we're looking at the of the wrongful act. Some say we're looking at the operative facts. Some say we're looking at the determinative facts. But every court is saying the same thing. And it all goes back to what I said initially, which is that it has to tie to the claim. When you're talking about the facts and allegations, you're looking at the claim, you're looking at the wrongful act. And every single court, including this court in the financial management case, start with the question, what are the essential facts of the wrongful act that the insured is being accused of? And then is it substantially the same or related or similar or whatever words the policy is using, does it tie back to the first case? Because you're going to have a lot of fluff. You're going to have a lot of things that aren't essential to the case. What we're saying is, we are going to look at this thing in a way that is most beneficial to the insured, which is, are you trying to get insurance for the same house on fire? Is it the same wrongful act? And I think that if I'm going to reserve some time for rebuttal, I'd better stop. That's a good time to do it. Thank you, Your Honor. Good morning, Your Honors. Peter L. Steinman on behalf of Respondent Evanston. Needless to say, we think the district court got it right, and we think the questions from the court are exactly on point. The essence of this case really boils down to three things. First, the clear and broad language of the specific matter exclusion, providing that Evanston is not liable for any claim based upon, arising from, or in consequence of any fact, circumstance, or situation underlying or alleged in the specifically identified matter, the NCB action, or any substantially similar fact, circumstance, or situation. That language is different, far different than financial management. That language does not suggest, as Ocean Towers argues, that there need to be determinative facts or operative facts. And that language is in the disjunctive. That means that any of those clauses, if satisfied, put those cases under the exclusion. So if the claim is based upon, or arises from, or is in consequence of any fact, circumstance, or situation underlying or alleged, or in any substantially similar fact, circumstance, or situation. The main case that Ocean Towers relies on, financial management, is dissimilar. As the court recognized, it's a much narrower phrase. First of all, it's in the plural. It's not in the singular. Secondly, the facts there were far different. As the district court correctly found here, there is a common scheme. Every single one of these claims is based on the same thing. It's based on a three-party recognition agreement. That agreement happens every time Ocean Towers and Ocean Towers residents finance the purchase of a unit. Each time, the bank, otherwise the bank wouldn't make a loan, and if Ocean Towers' theory was right, there'd never be any loans. Each time, the bank gets a security interest that is superior to the housing association. Every single one of these cases is based on the same facts. There are little, small changes, but those essential facts are as follows. After, almost immediately after, one of the Spahi relatives, or friends, or entities purchases a unit, it's transferred, usually to Fadiyah Spahi, and then after Fadiyah Spahi, John Spahi's wife, passes away to his 20-year-old son, Omar Spahi, who then ends up magically with 20 units. Then, the shares are transferred to a Spahi relative. After that, Ocean Towers refuses to recognize the bank's security interest. All of this in violation of the same agreement, the recognition agreement, that the banks wised up in the USB actions, and eventually got there before they could complete the transfer, is of no moment. They're the same basic facts. My opponent made several other arguments that I think are bare rebutting. First of all, he argued that the facts have to be substantially similar, or the same. Again, that's not the language of our exclusion. That is closer to the language of the Court's exclusion in financial management, but what's missing in the argument is any discussion of this Court's seminal decision in L.A. Lakers. That case is on all fours. It interprets exactly the same language, and it interprets it much more broadly than Ocean Towers would like, but that's the law. Any kind of discussion of a consequential relationship, any substantially similar facts, circumstances, or situation means that if there's a relationship, incidental or not, that that's sufficient, but again, we have much more here. The argument that somehow these activities are in the normal course of a homeowner's association is ludicrous. Homeowner's associations do not in the normal course breach recognition agreements or defraud the banks out of their security interests. If that was the normal course, we'd all be in trouble. The idea that the potential liability argument or rule applies, I don't think that works either, and it doesn't work because potential liability is invoked where there are multiple claims and an exclusion is based, for example, the breach of contract exclusion. If there's a claim, a complaint that contains breach of contract claims and negligence claims, there may be potential liability, or if there are disputed facts where there's a complaint and involves potentially negligent conduct, which would be covered, and intentional conduct that wouldn't be covered, there's potential liability there. Here, the facts are undisputed. The allegations of the NCB action and the allegations of the four USB actions and the fifth reach action, which is almost totally ignored in Ocean Tower's briefs, those are all excluded, we argue and we believe, based on the specific matter exclusion and the similar single claim provision because they're all similar. Marcus and Millichap, which Ocean Tower's also relied on, is not similar. First of all, the language of the policy and the exclusion are different, and also there, the underlying facts weren't similar. There is no relevant case that's been cited, and I don't think a relevant case exists, where under this language, the courts use determinative facts, operative facts, or core facts. That's totally different and alien to the language of this very broad exclusion. As this court's seminal decision in Los Angeles-Lakers v. Federal states, again, construing identical language, the exclusion only requires a finding of a, quote, minimal causal connection or incidental relationship. That is more than present here. Really, Ocean Tower's appeal, in our view, is an exercise in legal futility. Try as it may, Ocean Tower simply can't fit the square peg into the round hole by conflating the language of the exclusion at issue here and the policy provision, the single claim provision, with financial management or any other cases they cite because those exclusions are based on different, narrower language. Indeed, in Los Angeles-Lakers, I should be able to pronounce that since it's been in the news for every but 15 seconds. It's okay to laugh when you say Los Angeles-Lakers. Now you're just making me sad. So let's examine that language more in detail. So, in the case of a tendered matter, a tendered matter is excluded if it's based upon, arising from, or in consequence of any fact, circumstance, or situation underlying or alleged in any specific matter or any substantial or similar fact, circumstance, or situation. Again, that broad language, as it's read and as the court is bound to consider it, should be read in the disjunctive because it's using or. So that means that if the underlying actions and the NCB actions have any fact, any circumstance, or any situation in similar, or it's based upon or arising any of those things, or any substantially similar fact, circumstance, or situation, the exclusion applies. There's nothing in that exclusion that talks about core facts, essential facts. Recently, in Landmark American Insurance Company v. Navigators, 354 F sub 3rd 1078, Northern District, California, 2018, the district court reviewed a similar dispute and there the court held that Navigators had argued that its exclusion applied based on a similar exclusion, but Navigators made the distinction that all of the claims were similar because they were based upon, arising out of, relating to, and in any way involving the standards. The district court correctly, we believe, said, wait a minute, you don't need to satisfy each one of those clauses. You just need one. Here, we believe we've satisfied all of them, but we've certainly satisfied arising from. California Court of Appeals has similarly so held. In Baker v. National Interstate Company, 180 Calab 4th 1310 at 1337, the court also said that the use of the disjunctive in an exclusion meant that either of the terms in the sentence were sufficient to apply the exclusion. There, it was within a product's completed operating definition. The exclusion was broadly applied to exclude claims alleging either bodily injury or in the insured's work. So again, I think we've got your argument. To use counsel's analogy, it doesn't have to be the same house on fire. It could be two different houses on fire. Well, it could be any house. So long as the alleged conduct and the alleged circumstances are substantially similar, or the situation substantially similar. Well, I believe it's even broader than that, but you're right. It doesn't even have to be the same arsonist. As long as they're based on a similar fact, situation, or in consequence, it's covered. There just is no way to go with this language. I think the district court correctly analyzed the cases. I think that if you look at the multitude of similar facts, that the application has to apply. I'm happy to answer any additional questions. Thank you. Thank you, Your Honor. The essential case here is this, for the insurance company. If you can say that case number one and case number two both allege a fraudulent scheme, a similar fraudulent scheme, that's all you need. It doesn't matter what the claim is. The same fraudulent scheme would be what they're arguing. That's right. They're saying, if you've got a fraudulent scheme in case one, you've got a fraudulent scheme in case two, that's all you need. That's all there is. The actual claim doesn't matter. That's what they're saying. The answer to that is the language of the contract itself. By the way, none of these courts... The claim, are you referring again to cause of action? No. I'm looking at claim in terms of the policy language, which is similar to a cause of action, but not identical. The policy defines a claim as a demand for money based upon a wrongful act. A wrongful act is basically something the officer or director does in the course of his duties representing Ocean Towers. What is the wrongful act here? The wrongful act in case two, and by the way, is a fraudulent transfer. If you were going to find that the coverage for a fraudulent transfer is a fraudulent is negated by case one, you would have to find the essential elements, the essential facts of the fraudulent transfer in case one. Fraudulent transfer doesn't have to be an intent to defraud. It can be, as the court knows, a transfer for less than fair value that deprives the creditor of recourse that he otherwise would have to get his claim paid. So here, the insurance company is saying that the fraudulent transfer, the claim for fraudulent transfer is uninsured, and in fact, any possible claim that you might have is uninsured in this line, in this particular aspect of the insured's business, as long as the plaintiff puts in a fraudulent scheme allegation. No court, no case has ever gone there. In fact, the Raytheon case, which the insurance company relies on, is dealing with the same wrongful act. That is an assumption of the case. You've got an SEC action and an ERISA action based on exactly the same allegations, and the question they have is, does this fall within the policy? And they say, no. Even though you have some peripheral allegations that are different because an ERISA case requires different allegations than an SEC action, it's essentially the same wrongful act, and that is coverage for the same house on fire. And they say, you can't do it. We've got the argument over time. Thank you very much, counsel, for both sides for your arguments today. Thank you, Your Honor. The matter is submitted for decision by the court, and we are in recess until this afternoon. Thank you, guys.
judges: Nguyen, Owens, Antoonii